SUMMARY ORDER
Plaintiff Sharon Green appeals from a judgment of the district court (Crotty, J.) entered January 18, 2008. Green alleges that she was employed by defendant New York City Health and Hospitals Corporation (“HHC”) from 1989 to 1997. On June 29, 2004, Green filed suit against HHC, alleging discrimination on the basis of disability, gender, and pregnancy. The lawsuit was defended by the New York City Law Department, Office of Corporation Counsel. On August 10, 2005, Green filed a motion for recusal on the basis that Judge Crotty had previously served as New York City Corporation Counsel from 1994-1997. It is from the denial of this motion that Green appeals.
We review a district judge’s denial of a recusal motion for abuse of discretion. United States v. Thompson, 76 F.3d 442, 451 (2d Cir.1996).
Pursuant to 28 U.S.C. § 455(a), a federal judge is required to recuse himself “in any proceeding in which his impartiality might reasonably be questioned.”[2] The purpose of § 455(a) “is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.” Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). The ultimate question under § 455(a) is whether “a reasonable person, knowing all the facts, [would] conclude that the trial *714 judge’s impartiality could reasonably be questioned.” United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992).
In this case a reasonable person could not conclude that Judge Crotty’s impartiality could reasonably be questioned merely because plaintiffs lawsuit was defended by the Office of Corporation Counsel, and Judge Crotty served as Corporation Counsel seven years before the case was filed. Therefore, the judgment of the district court is AFFIRMED.

. Under 28 U.S.C. § 455(b)(3), recusal is required where a federal judge “has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.’’ Green does not rely on this provision on appeal, and for good reason. Judge Crotty served as Corporation Counsel until 1997, seven years before Green filed her complaint. There is no suggestion that Judge Crotty participated in defending Green's case. Therefore, § 455(b)(3) does not apply. C.f Thompson, 76 F.3d at 450 (“A judge who has served as United States Attorney is not considered ‘counsel’ with respect to a criminal case if the investigation that led to the indictment began after he left the office of United States Attorney.”)